# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, JR., ) | | |
| ID # 37160-177, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:10-CV-1444-G-BH | |
| ) | | |
| DEEN ABBOTT, ) | | |
|     Defendant. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for pretrial management.

## I. BACKGROUND

On or about July 22, 2010, Plaintiff filed this *Bivens*[1] action against Federal Bureau of Investigation ("FBI") Special Agent Deen Abbott ("SA Abbott"). (Compl. at 1.) He claims that SA Abbott (1) failed to give proper notice before seizing property in Cause No. 3:09-MJ-203; (2) used protected statements to obtain seizure warrants in Cause Nos. 3:09-MJ-200, 3:09-MJ-201, 3:09-MJ-202, and 3:09-MJ-203; (3) deliberately elicited incriminating statements that led to the revocation of Plaintiff's bond and were used to obtain the seizure warrants; and (4) knowingly made false statements to secure the seizure warrants. (*Id.* at 1-6.) He seeks fifteen million dollars in damages. (*Id.* at 3, 6.) No process has been issued.

Plaintiff filed a prior suit against SA Abbott over the same seizure warrants at issue in this case. *See Bazemore v. Junker*, No. 3:10-CV-0720-B (N.D. Tex. filed Apr. 8, 2010) (Compl. (doc. 1), complaining of seizure warrants in Cause Nos. 3:09-MJ-200, 3:09-MJ-201, 3:09-MJ-202, and 3:09-MJ-203). In that case, he also claimed that the defendant did not give notice of the seizure in

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Cause No. 3:09-MJ-203 and that he was deprived of property without due process of law when property was seized without proper notice. *See id.* (MJQ Ans. Quest. 1 and 3, (doc 7)). Plaintiff's suit was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Bazemore v. Junker*, No. 3:10-CV-0720-B, 2010 WL 2404311, at *2 (N.D. Tex. May 3, 2010) (recommendation of Mag. J.), *accepted by* 2010 WL 2404308 (N.D. Tex. June 15, 2010).

## II. PRELIMINARY SCREENING

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

The Fifth Circuit has found that a prisoner action that raises the same claims as a prior action may be dismissed as malicious under § 1915A(b)(1). *Allen v. Scott*, 95 F. App'x 88, 88 (5th Cir. 2004) (per curiam). This Court has also found that

> a previously dismissed action based on substantially the same facts arising from a
> common series of events provides a sufficient basis to dismiss [a] later-filed, fee-paid

2

action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous. Furthermore, in view of *Marts* and the PLRA [(Prison Litigation Reform Act)] amendments, a dismissal for failure to state a claim upon which relief may be granted also appears sufficient when the plaintiff had been given an opportunity to expound on his or her claims before the court dismissed the earlier-filed action.

*Shabazz v. Franklin*, 380 F. Supp. 2d 793, 803-04 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Marts v. Hines*, 117 F.3d 1504, 1504-06 (5th Cir. 1997) (en banc)).

Here, Plaintiff raises the same claims against the same defendant as in the prior action. This Court dismissed that prior suit based on a meritorious defense after giving Plaintiff an opportunity to expound on his claims through a questionnaire. Although he now adds more detail and new claims, those new claims are based substantially on the same facts arising from a common series of events, i.e., the defendant's actions in obtaining four seizure warrants and allegedly failing to provide notice of one of the seizures. Plaintiff may not use a second civil complaint to re-litigate or reconsider the dismissal of his first case, and this case should therefore be dismissed as malicious.

### III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 2nd day of September, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE